# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# TEXARKANA DIVISION

ALVESTER BOYD                                                                                        PLAINTIFF

v.                                      Civil No. 4:17-cv-04076

PEP GLEN, Jail Administrator
Nevada County, Arkansas                                                                              DEFENDANT

## ORDER

Before the Court is Plaintiff Alvester Boyd's failure to obey an order of the Court. On July 31, 2017, Plaintiff filed this 42 U.S.C. § 1983 action *pro se* in the Eastern District of Arkansas. (ECF No. 1). On September 5, 2017, the case was transferred to the Western District of Arkansas, Texarkana Division. (ECF No. 8).

Plaintiff failed to submit an *in forma pauperis* (IFP) application with his complaint. On September 14, 2017, the Court filed an order directing the Clerk to mail a blank IFP application to Plaintiff. (ECF No. 10). The order directed Plaintiff to either complete the IFP application and return the application to this Court for review and filing or pay the $350 filing fee and $50 administrative fee no later than October 5, 2017. The order also directed Plaintiff to submit an Amended Complaint by October 5, 2017, to clarify his claims. Plaintiff was advised in the order that failure to respond within the required period of time would result in the dismissal of his case. To date, Plaintiff has not responded to the Court's order.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently

> . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

In the present case, Plaintiff has failed to comply with an order of the Court. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED**, this 16th day of October, 2017.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge